# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| SHELLEY SONIAT | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CASE NO. 4:14cv77 |
| | § | (consolidated with 4:14cv122 and 4:14cv131) |
| EDWARD JACKSON, III, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On April 14, 2014, the Court consolidated three suits filed by *pro se* Plaintiff, and, on May 13, 2014, the Court directed her to file a single complaint setting forth all of her claims in the consolidated action, against all Defendants, as a single document. *See* Dkts. 14 & 21. Plaintiff was directed to clearly label each cause of action and to state her claims in accordance with Rule 8 of the Rules of Federal Civil Procedure. *See* Dkt. 21.

The Court further directed Plaintiff to state her grounds for jurisdiction, noting that the Court's jurisdiction is limited to either: (1) federal question jurisdiction under 28 U.S.C. §1331, or (2) diversity of citizenship jurisdiction under 28 U.S.C. §1332 and the Court may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). It is Plaintiff's burden to prove subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675.

On May 22 and 24, 2014, Plaintiff filed amended complaints in the consolidated action. *See* Dkts. 22 and 24. Plaintiff has also filed supplemental briefing on the issue of federal question jurisdiction. *See* Dkts. 26, 30, and 31. Plaintiff asserts that this Court has federal question jurisdiction over her claims against Defendants Edward Jackson, III, HUD Region 6 Forth Worth Regional Office, Jennifer Moore, Johnny Moore, and Major League Realty, Inc. *See* Dkt.22.

Although Plaintiff's pleadings are no model of clarity, Plaintiff's complaint appears to arise out of her claim that she was discriminated against when she and her ex-boyfriend attempted to lease – or leased – a home.[1] Plaintiff alleges violations of the Fair Housing Act, the Americans with Disabilities Act and her civil rights under the 14th Amendment. Plaintiff alleges the following:

- "The Defendant Mr. Jackson and the Plaintiff had a cohabitation agreement for financial support and housing.... The Defendant Mr. Jackson and the Plaintiff had an agreement to lease the premises in question.... The Landlord, Defendant Jennifer Moore and the Plaintiff had been neighbors for a number of years. The Plaintiff informed the Landlord, Jennifer Moore of the terms of the rental. The terms of this rental were that both the Defendant Mr. Jackson and the Plaintiff would meet with the Realtor to see the premises. The Defendant Mr. Jackson would fill out the rental application and move into the rental premises. Following the Defendant Mr. Jackson's move the Plaintiff would be added to the lease. The Plaintiff explained the reasons for this rental as well as the reasons for the rental terms to the Landlord, Defendant Jennifer Moore. The Defendant Jennifer Moore excepted [sic] the rental terms as evident by the fact that both the Defendant Mr. Jackson as well as the Plaintiff were kept involved with the rental transaction even to the point of the Defendant Jennifer Moore providing the Plaintiff with a key to the rental premises before the lease was signed; thus giving the Plaintiff legal rights to the premises.... During the rental process the Plaintiff expressed her concerns regarding the property management company's violations of the Fair housing act [sic], Texas property code [sic], as well as violations of key safety procedures and violations of the contract the property management company had with the Defendant Jennifer Moore to both the Defendants Mr. Jackson and the Landlord, Defendant Jennifer

---

[1] The Court notes that Plaintiff has amended her complaint several times. The Court directed her to file all her claims in one document, and her most recent pleading was filed on May 21, 2014. *See* Dkt. 24.

Moore."

Dkt. 24 at ¶¶ 9-12.[2]

Having reviewed the materials before it, the Court finds that Plaintiff has failed to state any claim over which it has jurisdiction.

### DISMISSAL FOR FAILURE TO STATE A CLAIM

When reviewing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether a plaintiff has stated a claim, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."

---

[2]The Court notes that it also held a lengthy hearing on April 8, 2014 to allow Plaintiff to explain and clarify the factual allegations forming the basis of her claims. *See* Dkt. 12. The Court finds that no amendment to the written pleadings would sufficiently state any claims over which it has jurisdiction.

*Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS[3]

Here, Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. §1331 over her claims under the Fair Housing Act, the Americans with Disabilities Act, and the Fourteenth Amendment. As set forth below, the Court finds that Plaintiff has not alleged any facts that would state a claim over which this Court has federal question jurisdiction.

---

[3]The FHA affords a private cause of action to any "aggrieved person" which is any person who "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." 42 U.S.C. § 3613(a)(1)(A); 42 U.S.C. § 3602(i). "[T]he sole requirement for standing under the FHA is the Article III minima." *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) (citing *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 372, 102 S. Ct. 1114, 71 L. Ed.2d 214 (1982)). The three required elements of Article III standing are: (1) an injury in fact, which is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) likely, not merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is much more difficult to establish when the plaintiff was not the object of the challenged violation. *Id*. at 562. The Court notes that Plaintiff alleges that she did not sign the lease but planned to in the future. Given this fact, the Court questions what standing Plaintiff has to bring any of these claims. Nonetheless, to ensure any claims she has are fully addressed, and assuming she has standing, the Court addresses whether any federal claims are stated.

4

**Fair Housing Act**

First, the Court analyzes Plaintiff's claims under the Fair Housing Act or FHA. Included in her allegations here are Plaintiff's claims that "the listed agent of the property management company retaliated against the Plaintiff for exercising a right or remedy granted by state or federal law" and that "the verbal retaliation she experienced in violation of the law triggered a PTSD attack in the Plaintiff that went undiagnosed until after the fact...." Dkt. 24 at ¶¶ 13-14. Plaintiff further alleges that "the property management company refused to remedy their illegal Retaliation [sic]," that the property management company's retaliation had Plaintiff and Defendant Jackson "at odds with each other" and that "Plaintiff attributed the Defendant Mr. Jackson's refusal to remedy the Retaliation to the fact that the Plaintiff believes that Defendant Mr. Jackson to be an emotionally disabled alchoholic and as such is a member of a protected class under the Fair housing act [sic]." *Id.* at ¶¶ 15-17.

The FHA makes it unlawful to "discriminate against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2); *Elderhaven, Inc. v. City of Lubbock*, 98 F.3d 175, 178 (5th Cir. 1996). The FHA defines "handicap" as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h); 24 C.F.R. § 100.201. Discrimination on the basis of handicap includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such

accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). *See also Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp.2d 721, 731 (S.D. Tex. 2010). Reasonable accommodations are limited to issues directly related to a disability; such accommodations involve "benefits 'by reason of' their disabilities, and not because of some quality that they share generally with the public." *Wisconsin Cmty. Services, Inc. v. City of Milwaukee*, 465 F.3d 737, 748 (7th Cir. 2006).

Here, Plaintiff alleges that she suffers from PTSD and that she believes Defendants Jackson to be an "emotionally disabled alcoholic." Even viewing the pleadings in a light most favorable to Plaintiff and even assuming these claimed impairments substantially limited life activities, no facts are stated that show any record of having such impairments or that either Plaintiff or Jackson were regarded as having them at the time the alleged discrimination occurred. Indeed, Plaintiff has alleged that Defendant Jennifer Moore was not aware of either her disabilities or Defendant Jackson's disabilities at the time of the alleged violation;[4] therefore, any actions cannot be attributed to discrimination because of a handicap. *See Payton v. Nantucket Partners, L.P.*, 2011 WL 4431865, 4 (E.D. Tex. 2011) ("The Court agrees with Defendants that they cannot be held liable for a refusal to grant an accommodation when they never knew that an accommodation was necessary.").

---

[4] Plaintiff claims that she could not disclose the disabilities because (1) she was not aware of her PTSD at the time of the discrimination; and (2) disclosing Defendant Jackson's disability would damage their relationship. "The Plaintiff was unaware that her PTSD had been triggered so she could not reveal that to the Landlord when she made her request for a reasonable accommodation. The Plaintiff did not share with the Landlord her belief that the Defendant Mr. Jackson is an emotionally disabled alcoholic when the Plaintiff made her request of a reasonable accommodation." Dkt. 24 at ¶¶ 20-21.

Moreover, the facts alleged are insufficient to state a refusal to accommodate sufficient to state a violation of the Fair Housing Act. Plaintiff has alleged that she requested the reasonable accommodation to have Defendant Jennifer Moore to mediate with Major League Realty "and did not offer a solution [sic] her representatives illegal action." Dkt. 24 at ¶ 18. Plaintiff also alleges that HUD did not provide a reasonable accommodation for legal aid representation. *See* Dkt. 24 at ¶ 26. Neither of these requests are directly related to Plaintiff's alleged disability such that they state a refusal to make reasonable accommodations necessary to afford Plaintiff an equal opportunity to use and enjoy a dwelling because of her disability. At best, they are requested accommodations that any member of the public might request to facilitate negotiations in what appears to have become a tense relationship. Because Plaintiff has not alleged any specific facts that Defendants discriminated against Plaintiff or a member of her household because of her handicap, there is no basis for judicial relief. *Reece v. Countrywide Home Loans Inc.*, 2008 WL 4559809, 3 (N.D. Tex. 2008) ("a subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief").

As part of her Fair Housing Act claims, Plaintiff also claims that "Plaintiff expressed her concerns regarding the property management company's violations of the Fair housing act [sic], Texas property code [sic], as well as violations of key safety procedures and violations of the contract the property management company had with the Defendant Jennifer Moore to both the Defendants Mr. Jackson and the Landlord, Defendant Jennifer Moore." Dkt. 24 at ¶ 12. Plaintiff has offered no authority that would show how Defendants Jennifer Moore and Major League

7

Realty's alleged violation of leasing regulations in the Texas Property Code could constitute a refusal to make a reasonable accommodation under Section 3604's provisions regarding discrimination, and the Court finds that it is insufficient to state such a violation. [5]

Plaintiff also asserts that the Defendant Jennifer Moore's failure to address the issue she had with the broker and Major League Realty constitutes a violation of Section 3617 of the Fair Housing Act. 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."). However, Plaintiff has not alleged any specific facts that, taken as true, would state any coercion, intimidation, threats or interference by Defendants regarding her rights under the Fair Housing Act.

Plaintiff's complaint does not go beyond mere "labels and conclusions" in pleading her claim of discrimination. *Twombly*, 550 U.S. at 555. Her claims under the Fair Housing Act should be dismissed for failure to state a claim. *See McZeal v. Ocwen Financial Corp.*, 2001 WL 422375, 1 (5th Cir. 2001) (affirming district court's dismissal of borrower's challenge of foreclosure action based in part on FHA claim where no discriminatory intent or discriminatory effect).

---

[5]Whether Plaintiff's allegations regarding the provision of a key to her before the lease was signed constitutes a violation of the Texas Property Code is a matter over which the Court declines to exercise jurisdiction. *See* TEX. PROP. CODE. § 92.156 ("(a) A landlord may not retaliate against a tenant by taking an action described by Subsection (b) because the tenant: (1) in good faith exercises or attempts to exercise against a landlord a right or remedy granted to the tenant by lease, municipal ordinance, or federal or state statute..."). The Court further notes that it seems that the provision of a key to Plaintiff, if anything, would be the opposite of a retaliatory action, but instead a courtesy. In any event, no retaliation under the Fair Housing Act has been stated by this allegation.

**ADA**

Next, the Court turns to Plaintiff's claims under the Americans With Disabilities Act, or ADA. To make a *prima facie* case under Title II of the ADA, a plaintiff must show: (1) that she has a qualifying disability; (2) that she is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of her disability. *Hale v. King*, 642 F.3d 492, 497–98 (5th Cir. 2011). A "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). As noted above, Plaintiff has not alleged a substantial limitation of one of more of her major life activities which led to denial of benefits to her. Even assuming her alleged PTSD is considered a handicap under the ADA's definition, it seems to the Court that Plaintiff is arguing that she suffered from PTSD as a result of the alleged discrimination, not that the PTSD was the cause of any discrimination against her. As to any alleged discrimination resulting from Edward Jackson's purported disability of alcoholism (a disability she states she believes he has based on his conduct), she has not stated facts to show how she has standing to sue for that cause of action – and instead has named him as a Defendant herein.

And, again, Plaintiff has stated no facts that would show she was denied housing because her disability was not accommodated. *See Wells v. Thaler*, 460 Fed. Appx. 303, 313 (5th Cir. 2012) ("Wells offers no evidence indicating that the existing resources are inadequate or did not meet his needs."). Inherent in any accommodation claim under either the ADA or the FHA is a request to

9

make accommodations. *See Payton v. Nantucket Partners, L.P.*, 2011 WL 4431865, 4 (E.D. Tex. 2011) ("The Court agrees with Defendants that they cannot be held liable for a refusal to grant an accommodation when they never knew that an accommodation was necessary."). Plaintiff clearly states in her pleadings that Defendant Jennifer Moore was never informed of either Plaintiff's potential disability of PTSD or Defendant Jackson's purported "emotionally disabled alcoholic" disability when she requested the accommodation. Dkt. 24, ¶¶ 20-21. No ADA claim is stated.

**14th Amendment**

Finally, the Court turns to Plaintiff's claims under the Fourteenth Amendment. The Fourteenth Amendment prohibits the government from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV. This guarantee affords procedural protections, including a meaningful opportunity to be heard as to certain deprivations. *Daniels v. Williams,* 474 U.S. 327, 331-32, 106 S. Ct. 662, 88 L. Ed.2d 662 (1986); *Zhang v. Gonzales*, 432 F.3d 339, 346 (5th Cir. 2005); *Freeman v. City of Dallas*, 186 F.3d 601, 606 (5th Cir. 1999). Section 1983 provides the statutory vehicle for a civil action for the deprivation of constitutional rights. 42. U.S.C. §1983. To state a constitutional claim for relief under Section 1983 a plaintiff must allege a violation of a constitutional right and a violation of that right by one or more state actors. *Johnson v. Dallas Indep. Sch. Dist.,* 38 F.3d 198, 200 (5th Cir. 1994). To be a state actor subject to liability under Section 1983, the defendant must act "under color of any statute ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia." 42 U.S.C. §1983. There is state action only when it can be said that the state is *responsible* for the specific

conduct forming the basis of the plaintiff's complaint. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1349 (5th Cir. 1985); *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1349 (5th Cir. 1985) ("The state's role must be active; approval or acquiescence in a private party's actions is not enough."). "The Due Process Clause of the Fourteenth Amendment does not, as a general matter, require the government to protect its citizens from the acts of private actors." *Morin v. Moore*, 309 F.3d 316, 321 (5th Cir. 2002) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). As such, private persons generally may not be held liable under Section 1983. *See Richardson v. Fleming,* 651 F.2d 366, 371 (5th Cir. 1981).

Plaintiff's supplemental briefing on "Discriminatory Effects" claims that the property management company/landlord is depriving her of her "right to freely chose [sic] a place to live" and that "[i]t is not reasonable to expect someone to sign a legal contract with a company/landlord who is violating the law and retaliating against them for standing up for their rights or for the rights of their loved one" or "who refuses to grant a reasonable accommodation made due to illegal behavior, or to remedy the illegal behavior." Dkt. 26 at 3. This is not enough to state a claim for violation of constitutional rights.

First, as with all of her claims, Plaintiff has not stated any facts that would show how she has standing to assert any claims regarding the rights of any "loved one." More importantly, as to any claims for which she has standing, no state actor is implicated here such that a claim under Section 1983 would be appropriate. Plaintiff's pleadings do not contain any facts such that any Defendant could be considered a state actor, and any claims of due process or other constitutional violations

should therefore be dismissed.

Because none of the Defendants appear to be diverse, the Court further finds that there is no diversity jurisdiction over any remaining claims, and to the extent Plaintiff has state law claims against any of the Defendants, the Court declines to exercise supplemental jurisdiction over them and they should be dismissed without prejudice to refiling in a state court of competent jurisdiction.[6] *Robertson v. Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Reese v. Anderson*, 926 F.2d 494, 501 (5th Cir. 1991) ("since no federal claims remain against the individual defendants, we instruct the district court to dismiss the pendent state claims against those defendants as well, without prejudice to refiling those claims in state court.").

The Court notes that its findings herein are in no way intended to be a finding as to the veracity of Plaintiff's allegations or as to any claim Plaintiff may have under Texas law and they should not be construed as such. The Court simply finds that this is not the forum to resolve any concerns Plaintiff has. The Court has found Plaintiff to be respectful and responsive and notes that she has represented her interests well.

As to Plaintiff's requests for an attorney, the Court finds that such an appointment is not warranted. Plaintiff requests that an attorney be appointed under Section 504 relating to a HUD claim. However, such claims are limited to "discrimination against qualified individuals with

---

[6]It appears from the record before the Court that Plaintiff has previously filed suit against Major League Realty, Inc. in state court. *See, e.g.*, Dkt. 20. Whether the state court finds a claim has been stated as to any particular defendant is a matter for the state court to determine.

disabilities in Federally assisted programs or activities." 24 C.F.R. § 8.20. As there is no government actor or federally assisted program or activity, Plaintiff's Motion to Request a Court Appointed Attorney (**Dkt. 20**) and Plaintiff's Motion for An Attorney for Combined Case (**Dkt. 28**) are **DENIED**.

The Court notes that Plaintiff has also filed a document asking the Court to "clarify the issue of whether or not the Fair housing act would apply to an Addendum to a Residential lease housing situation, and whether or not the new applicant to the rental would have rights under the law before the sign the lease." *See* Dkt. 29 at 2. Because the Court has found that no federal question has been stated based on Plaintiff's factual allegations here, any relief requested by Plaintiff (**Dkt. 29**) is **DENIED** as **MOOT**. Further, because the Court finds that this case should be dismissed, no summons should be issued and Plaintiff's Request to Issue Summons (**Dkt. 32**) is also **DENIED** as **MOOT**.

## RECOMMENDATION

The Court recommends that the federal claims in Plaintiff's consolidated action (4:14cv77, consolidated with 4:14cv122 and 4:14cv131) be dismissed with prejudice for failure to state a claim, that any remaining state law claims be dismissed for want of jurisdiction, and that this matter be closed on the Court's docket.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of December, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE